IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS, DIVISION
_____

| | |
|---|---|
| Allison Chapman, ) | |
| Plaintiff, ) | CV-06-71-GF-SEH-RKS |
| vs. ) | **ORDER DENYING PLAINTIFF'S MOTIONS TO STAY AND TO APPOINT** |
| Heritage Bank ) | **COUNSEL** |
| ) | |
| Defendants, | |

_____

Before the Court are Plaintiff's Motion to Stay (Cts.' Doc. No. 18) and Motion for Appointment of Counsel (Cts.' Doc. No. 19). For the following reasons, Plaintiff's motions are DENIED.

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff moves for appointment of counsel on the basis of 28 U.S.C. §1915(e)(1), claiming that she is incapable of competently litigating her claim due to the limitations imposed upon her by a head injury she sustained when a child. Appointment of counsel for a civil litigant under §1915 is, like the privilege of proceeding in forma pauperis, a discretionary matter for the court. "[I]t is

a privilege and not a right." U.S. ex. Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965). It is a privilege that, in the context of civil actions for damages, is extended only in exceptional circumstances. Id. at 794 (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). Exceptional circumstances may only be found to exist if the court determines both that the *pro se* litigant is likely to succeed on the merits, and that he is incapable of articulating his claims in light of the complexity of the legal issues involved in the case. "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under §1915." Wilbon v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff has not demonstrated that she is likely to succeed on the merits. In addition, Plaintiff's efforts in the present case, as well as her history of proceeding *pro se* in other legal actions, convince this Court that Plaintiff is capable of competently acting on her own behalf. Plaintiff has already brought an action against this defendant in state court concerning much the same set of facts. She has demonstrated an ability to articulate legal claims, and has filed documents with the court that display her ability to submit papers that are generally coherent and organized.

Having failed to demonstrate that her circumstances are exceptional as required by the law of this Circuit,

Plaintiff's Motion for Appointment of Counsel is denied.

## II. Plaintiff's Motion to Stay

In light of the prior discussion, Plaintiff's Motion to Stay the proceedings until she is appointed counsel is moot. Plaintiff will not be appointed counsel. She will need to proceed on her own behalf. Plaintiff's motion will be treated as a Motion to Extend the time available for her response to Defendant's Motion for Summary Judgment. As such, Plaintiff will have through February 5, 2007 to file her response.

### Order

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel is DENIED. Plaintiff's Motion to Stay is also DENIED. The Court will treat this motion as a Motion to Extend, which is GRANTED. The deadline for the filing of Plaintiff's response to Defendant's Motion for Summary Judgment is February 5, 2007.

DATED this 16th day of January, 2007.

/s/Keith Strong
Keith Strong
United States Magistrate Judge

-3-